IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COMMISSIONER OF LABOR
AND INDUSTRY to the Use and
Benefit of Valerie Steele,                               *

     *Plaintiff*,                                          *

     v.                                                  *        Civil Action No. RDB-25-1746

THE WASHINGTON                                           *
METROPOLITAN AREA
TRANSIT AUTHORITY (WMATA),                               *

     *Defendant.*                                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM ORDER</u>**

On March 27, 2025, Plaintiff, the Commissioner of Labor and Industry ("the

Commissioner") of the Maryland Department of Labor, sued the Washington Metropolitan

Area Transit Authority ("WMATA"), in the Circuit Court for Baltimore City, Maryland. (ECF

No. 3) The Commissioner sued on behalf of Valerie Steele, a Maryland resident and the former

Director of Occupational Safety and Health at WMATA, alleging that WMATA illegally fired

Steele in violation of § 5-604(b) of the Maryland Occupational Safety and Health Act of 1973,

Md. Code Ann., Lab. & Empl. § 5-604(b) (West 2025). (*Id.* ¶ 1) The Commissioner is a

Maryland government entity charged with enforcing the Maryland Occupational Safety and

Health Act of 1973. *Id.* § 5-201. WMATA is the Washington, D.C. regional transit authority,

which runs rail, bus, and other transit services throughout the greater Washington, D.C. metropolitan area, including in southern Maryland and northern Virginia.[1]

On June 2, 2025, WMATA removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1) Now pending is the Commissioner's Motion to Remand the case to state court, pursuant to 28 U.S.C. § 1447(c).[2] (ECF No. 8) The Commissioner asserts that this Court lacks subject matter jurisdiction over the case and must remand to the Circuit Court of Baltimore City. (*Id.* at 1) WMATA filed a Response. (ECF No. 11) The Commissioner has not filed a reply. The Court has reviewed the parties' submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, the Court DENIES the Commissioner's Motion to Remand (ECF No. 8).

## BACKGROUND

Plaintiff, the Commissioner of Labor and Industry of the Maryland Department of Labor, is a Maryland government entity charged with enforcing the Maryland Occupational Safety and Health Act of 1973 (the "Act"). Md. Code Ann., Lab. &. Empl. § 5-201 (West 2025). The Act tasks the Commissioner with suing an employer if the Commissioner finds that the employer has violated a complainant's rights under the Act. *Id.* § 5-604(d)(2). The Act dictates that these suits be filed in Maryland state court in (1) the county where the alleged

---

[1] The Court takes judicial notice of this fact from WMATA's publicly available website.
[2] Also pending is WMATA's Motion to Dismiss the case. (ECF No. 7) It is generally improper to resolve a motion dismiss before deciding a motion to remand. *See, e.g.*, *Dupree v. Fay Servicing, LLC*, 394 F. Supp. 3d 639, 643 (E.D. Va. 2019) (citing *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019)). As such, the Court considers only the Motion to Remand. (ECF No. 8)

violation occurred, (2) the county where the employer keeps its principal place of business, or

(3) Baltimore City. *Id.* § 5-604(d)(2)(i)–(iii).

Defendant, the Washington Metropolitan Area Transit Authority, is the

intergovernmental body tasked with running mass transit in and around Washington, D.C.

*Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 206 (4th Cir. 2002). It is a creature of a

1966 intergovernmental compact (the "Compact") among the District of Columbia, the State

of Maryland, and the Commonwealth of Virginia, and an agency of each of its signatory

jurisdictions. *Id.* The Compact is codified in the laws of Washington, D.C., Maryland, and

Virginia. *See* D.C. Code § 9-1107.1 (2025); Md. Code Ann., Transp. § 10-204 (West 2025); Va.

Code Ann. § 33.2-3101 (2025). Additionally, Congress expressly consented to the Compact in

1966. 80 Stat. 1324.

WMATA operates rail, bus, and other transit services in southern Maryland, northern

Virginia, and the District of Columbia. *Milestones & History*, Wash. Metro. Area Transit Auth.,

https://www.wmata.com/about/history/ (last visited Sept. 19, 2025). As of May 2025,

roughly half a million people ride WMATA's Metrorail each weekday, while more than 400,000

ride its busses. *Metro Ridership Snapshot, May 2025*, Wash. Metro. Area Transit Auth.,

https://www.wmata.com/initiatives/ridership-portal/upload/May-2025-Ridership-

Snapshot.pdf (last visited Sept. 19, 2025). This fiscal year, it has a total budget of five billion

dollars and more than 13,000 employees. Wash. Metro. Area Transit Auth., FY2025 Budget

3, 115 (2024).

In its Complaint, the Commissioner alleges WMATA hired Valerie Steele on or about

October 12, 2021. (ECF No. 3 ¶ 10). During her time with WMATA, Steele was the Director

of Occupational Safety and Health. (*Id.* ¶ 11) She worked out of WMATA's Shady Grove location in Shady Grove, Maryland. (*Id.*) On or about October 11, 2023, a WMATA employee expressed concerns to Steele about alleged lead contamination in WMATA's railway tunnels. (*Id.* ¶ 15) The Commissioner alleges that Steele immediately alerted relevant WMATA safety personnel of the concern and took actions within her job description to ensure the safety of employees who may have been affected by the contamination. (*Id.* ¶¶ 15–17) The Commissioner particularly alleges that Steele ordered that all maintenance activities be ceased until personal protective equipment could be provided to WMATA employees. (*Id.* ¶ 15) The Commissioner alleges that WMATA fired Steele five days later, October 16. (*Id.* ¶ 18)

On November 17, 2023, Steele filed a complaint of discrimination with Maryland Occupational Safety and Health, which determined that she had a valid claim under Maryland law. (*Id.* ¶¶ 21–22) On March 27, 2025, the Commissioner, being charged with enforcement of the Maryland Occupational Safety and Health Act of 1973, filed this case on Steele's behalf in the Circuit Court for Baltimore City, Maryland. (ECF No. 3 ¶¶ 1, 7) WMATA was served with the Complaint by certified mail on May 1, 2025. (ECF No. 1 at 2)

On June 2, 2025, WMATA filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441, 1446. (ECF No. 1) On June 16, the Commissioner filed a Motion to Remand. (ECF No. 8) On July 14, WMATA filed its Response. (ECF No. 11) The Commissioner did not reply.

## STANDARD OF REVIEW

A defendant may remove any state civil case to federal court if the plaintiff could have originally brought the case in federal court. 28 U.S.C. § 1441(a); *Franchise Tax Bd. of Cal. v.*

*Constr. Laborers Vacation Tr.*, 463 U.S. 1, 7–8 (1983). In other words, for removal to be proper, the federal court must have original jurisdiction over the case despite being filed in state court. If a case was "not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd.*, 463 U.S. at 8 (citing 28 U.S.C. § 1447(c)). A defendant who removes a case bears the burden of establishing both that the federal court has jurisdiction and that the removal is procedurally correct. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)); *see also* 28 U.S.C. § 1446 (removal procedures). Removal jurisdiction "raises significant federalism concerns" and so the Court strictly construes its application. *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

A plaintiff may challenge a defendant's removal by filing a motion to remand in the federal court to which the case has been removed. 28 U.S.C. § 1447. When the basis of the motion to remand is that the federal court lacks subject matter jurisdiction, the motion is timely so long as it is filed before the federal court enters a final judgment. *Id.* § 1447(c).

## ANALYSIS

The WMATA Compact explicitly grants the Court original jurisdiction in this case. Additionally, WMATA timely and properly removed the case from state court. The Court DENIES the Commissioner's Motion to Remand (ECF No. 8).

### I.   The Court Has Original Jurisdiction over the Case

The WMATA Compact grants the federal district courts original jurisdiction over any case brought by or against WMATA. *See* Md. Code Ann., Transp. § 10-204(81) (West 2025).

5

This Court, therefore, has jurisdiction over this case against WMATA. In many cases, "the propriety of removal" turns on whether the federal court has either federal question or diversity jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 8; *see* 28 U.S.C. § 1331 (federal question); *id.* § 1332 (diversity). In this case, however, WMATA bases its removal on Section 81 of its originating statute, the WMATA Compact. 80 Stat. 1234; Md. Code Ann. § 10-204(81). That section provides that "[t]he United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland, Virginia and the District of Columbia, of all actions brought by or against [WMATA]." *Id.* Additionally, any action brought by or against WMATA in state court "shall be removable to the appropriate United States district court" according to 28 U.S.C. § 1446. *Id.* Thus, in this suit against WMATA, the Court has original jurisdiction.

The Commissioner argues that the Court lacks jurisdiction because its Complaint (ECF No. 3) only raises claims under Maryland law. (ECF No. 8 at 2) It argues that under the well-pleaded complaint rule the plaintiff is "the master of the claim" and can "avoid federal jurisdiction by exclusive reliance on state law." (*Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The WMATA Compact, which is itself Maryland law, undercuts this argument. This Court has jurisdiction because this is a suit against WMATA. Md. Code Ann. § 10-204(81). The fact that the Commissioner's Complaint (ECF No. 3) raises only state law claims does not change the outcome.

The Commissioner also argues for remand because the Compact gives state courts concurrent jurisdiction over claims by or against WMATA. (ECF No. 8 at 2) The argument seems to be that because state and federal courts have concurrent jurisdiction and federal jurisdiction is not exclusive, a remand is necessary unless this Court has federal question or

diversity jurisdiction over the case. (*Id.* at 2–3) The Commissioner is correct that Section 81 of the Compact does not give the federal courts *exclusive* original jurisdiction, *see* Md. Code Ann. § 10-204(81), but exclusivity is not necessary. Whenever a statute creates a scheme of concurrent jurisdiction, a plaintiff—or a defendant, where removal would be appropriate— "ha[s] the right to choose the court in which to file the action." *Concurrent Jurisdiction*, *Black's Law Dictionary* (12th ed. 2024). In other words, a concurrent jurisdiction scheme provides litigants with their choice of forum, but with the caveat that a defendant may still be able to remove a case to federal court even when a plaintiff chooses to start in state court. A state court's concurrent jurisdiction does not strip a federal court of its original jurisdiction. So long as a federal court has original jurisdiction to hear a case, it has the power to rule in that case. Here, § 81 of the Compact grants federal district courts original jurisdiction in all cases by or against WMATA. Md. Code Ann. § 10-204(81). Additionally, whenever a case by or against WMATA is filed in state court, § 81 allows for the defendant to remove that case to the appropriate federal district court. *Id.* That the state courts have concurrent jurisdiction does not affect the analysis. In sum, this Court has original jurisdiction over this case against WMATA under the Compact.

## II.    WMATA's Removal of the Case Was Procedurally Correct

WMATA's removal of the case from Maryland state court was proper under 28 U.S.C. § 1446. Section 1446 details the process for removing a case to federal court. Within thirty days[3] of a defendant's receipt of the complaint, she must file a notice of removal in the federal

---

[3] Federal Rule of Civil Procedure 6 explains how to count time for litigation deadlines. Under that rule, a thirty-day period that runs out on a Saturday, Sunday, or legal holiday continues to run until the next day that is not a Saturday, Sunday or legal holiday. Fed. R. Civ.

district court covering the state court where the complaint was filed. *Id.* The notice must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." After filing in the federal court, the defendant must give notice to the adverse parties.

WMATA received the Commissioner's Complaint (ECF No. 3) on May 1, 2025. WMATA timely filed its Notice of Removal (ECF No. 1) on June 2, 2025. The Notice of Removal contained a statement of the grounds for removal—original jurisdiction in this Court pursuant to the WMATA Compact—and included the pleadings which had to that point been filed in the Maryland court. Therefore, WMATA's removal was proper under § 1446.

## CONCLUSION

For the reasons stated above, the Commissioner's Motion to Remand (ECF No. 8) is DENIED. Pursuant to this Court's Order on June 26 (ECF No. 10), the Commissioner now has thirty (30) days to file a response to WMATA's Motion to Dismiss (ECF No. 7).

It is this 14th day of October 2025 HEREBY ORDERED that:

1.  WMATA's Motion to Remand (ECF No. 8) is DENIED; and

2.  The Clerk of Court shall transmit copies of this Memorandum Order to counsel.

/s/
_____
Richard D. Bennett
United States Senior District Judge

---

P. 6(a)(1)(C). Here, WMATA had thirty days to file a notice of removal. That period ended on June 1, a Sunday. Therefore, WMATA timely filed its Notice of Removal (ECF No. 1) when it did so on Monday, June 2.